UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Y.G. and G.H., individually and on behalf of R.G-H.

                             Plaintiffs,                    Civ. No. 20-cv-1298

                                                                     COMPLAINT

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION

                             Defendant.

_____

## PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education "DOE" or "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C.§ 1331, and as an action for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated and/or reside.

## PARTIES

4. Plaintiffs, Y.G. and G.H., are the parents and natural guardians of R.G-H, an eleven-year-old boy who has been diagnosed with, *inter alia*, Autism Spectrum Disorder ("Autism").[1]

5. R.G-H, resides in New York, New York.

6. R.G-H is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

7. R.G-H. is a qualified individual with a disability who is eligible for a FAPE under Section 504 and is protected from discrimination based upon his disability.

8. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

9. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

10. Defendant is the LEA under the IDEA and state law.

11. Defendant is a recipient of federal financial assistance.

## LEGAL FRAMEWORK

12. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

13. Not only children with disabilities have legal rights under IDEA, their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

14. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

15. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

16. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

17. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

18. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

19. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

20. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

21. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

22. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited Feb. 12, 2020).

23. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

24. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

25. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

26. Under IDEA, a student's "stay put" program (also known as "pendency")[2] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

27. DOE requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency. This is true even when the DOE does not contest the pendency program that was invoked.

28. Upon information and belief, the DOE is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

29. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

30. Plaintiffs as the substantially prevailing party may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

31. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *plaintiffs'* favor that also established plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions and upon the filing of a due process complaint for the 2019-2020 school year, wherein R.G-H.'s pendency entitlements were invoked.

---

[2] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

32. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 175192 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

FACTS

**2017-2018 and 2018-2019 School Years—Impartial Hearing Case Number 175192**

33. Plaintiffs filed a due process complaint on July 10, 2018, alleging a denial of FAPE for the 2017-2018 and 2018-2019 school years.

34. The due process complaint was processed as case number 175192.

35. The resolution period ended on August 9, 2018.

36. The DOE did not invite Plaintiffs to participate in a Resolution meeting.

37. Plaintiffs filed an amended due process complaint on August 22, 2018, triggering another thirty day resolution period.

38. The resolution period ended on September 21, 2018.

39. Again, the DOE did not invite Plaintiffs to participate in a Resolution meeting.

40. Plaintiffs filed a second amended due process complaint on March 7, 2019, triggering the same thirty day resolution period.

41. The resolution period ended on April 6, 2019.

42. Still again, the DOE failed to invite Plaintiffs to participate in a resolution meeting.

43. At no time did Plaintiffs agree to waive their right to a resolution meeting.

44. On April 29, 2019, a due process hearing commenced and it was completed the same day.

45. Plaintiffs introduced twenty-seven documents into evidence.

46. Defendant entered no documents into evidence.

47. Plaintiffs called two witnesses for their case in chief.

48. Almost five months later, on September 19, 2019, the impartial hearing officer issued his seventeen page FOFD in Plaintiffs' favor.

49. Specifically, the impartial hearing officer ordered the following:

> **ORDERED on DEFAULT after INQUEST** that upon its receipt of reasonably satisfactory proof of services having been rendered, the DOE shall either reimburse the Parents and/or directly pay the cost of the student's tuition at the private school for the time that he attended the school during the 2017-2018 and 2018-2019 school years; and it is further
> **ORDERED on DEFAULT after INQUEST** that the DOE shall also conduct a re-evaluation of the student in all areas of his suspected disabilities not evaluated within the last two years, for the 2019-2020 school year; and it is further
> **ORDERED on DEFAULT after INQUEST** that the CSE shall forthwith reconvene after the completion of the student's evaluations and consider all of the student's evaluations and any other relevant information and produce a new IEP for the student's 2019-2020 school year; and it is further
> **ORDERED on DEFAULT after INQUEST** that any of the other relief sought by the Parent not addressed by this decision is found to be either agreed upon by the parties, withdrawn by the Parent, outside the scope of the IHO's authority or unsupported by the record.

50. The DOE did not appeal this decision.

51. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

52. This action is timely brought to recover attorneys' fees.

53. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

54. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied with any part of the September 19, 2019 FOFD.

55. Upon information and belief, the DOE has implemented other students' FOFDs.

**2019-2020 School Year—Impartial Hearing Case Number 185093**

56. On June 15, 2019 and September 20, 2019, Plaintiffs through their counsel, sent to the DOE the requisite ten day notices.

57. Plaintiffs filed a due process complaint on July 8, 2019, alleging a denial of FAPE for the 2019-2020 school year and invoking R.G-H.'s pendency entitlements.

58. The resolution period ended on August 7, 2019.

59. The DOE did not invite Plaintiffs to participate in a resolution meeting.

60. A pre-hearing conference took place on August 26, 2019.

61. On November 7, 2019, a pendency hearing took place.

62. Plaintiffs offered two documents as evidence of R.G-H.'s pendency entitlements.

63. On January 8, 2020, Plaintiffs received an Order on Pendency, dated November 7, 2019, which ordered the following:

> ORDERED, the District shall pay tuition related costs for the Student at the Rebecca School or shall reimburse the parents for any tuition already paid and it is further;
> ORDERED that this order shall be *nunc pro tunc* from the July 8, 2019, the filing date of he Due Process Complaint.

64. The DOE did not appeal the pendency order.

65. As of the date of this Complaint, DOE has failed to comply with the pendency order and has not made any payments as ordered, jeopardizing R.G-H.'s educational program.

66. Upon information and belief, the DOE has implemented other students' pendency orders.

## **CAUSES OF ACTION**

FIRST CAUSE OF ACTION
THE IDEA - 2017-2018 and 2018-2019 School Years Failure to Comply With the FOFD

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has failed to implement fully the September 19, 2019 final decision of the impartial hearing officer.

SECOND CAUSE OF ACTION
THE IDEA - 2019-2020 School Year Pendency Entitlement

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has repeatedly failed to implement R.G-H.'s stay put rights under the IDEA.

71. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide R.G.-H. with his stay put entitlements.

72. Defendant denied Plaintiffs their stay put rights under the IDEA.

THIRD CASE OF ACTION
ATTORNEYS' FEES

73. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

74. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for impartial hearing case number 175192.

75. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged herein.

iii. Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFD dated 09/19/2019.

iv. Issue a TRO and preliminary injunction directing Defendant to immediately implement the R.G-H.'s stay put rights as per the 11/07/2019 order by, *inter alia,* immediately funding the Rebecca School and providers who are delivering services retroactive to R.G-H. as of July 8, 2019.

v. Issue a preliminary and permanent injunction directing Defendant:

(a) to implement the decisions;

(b) place funds in escrow sufficient to ensure that there are funds available to implement services ordered;

(c) authorize the funding of private evaluations by evaluators of Plaintiffs' choice;

(d) award additional equitable relief to remedy the failure to implement the decisions and R.G-H.'s stay put services.

vi. Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in the hearing, and the work implementing the decisions;

vii.   Award Plaintiff reasonable attorneys' fees and costs incurred in connection with this action;

viii.  Award such other, and further, relief as to the Court may seem just and proper.

Dated: February 13, 2020
       NEW YORK, NEW YORK

                    Respectfully submitted,
                    SPENCER WALSH LAW, PLLC

                    /s/ Tracey Spencer Walsh
                    Tracey Spencer Walsh
                    Spencer Walsh Law, PLLC
                    625 W. 57th Street, Suite 1810
                    New York, New York 10019

                    Tel. 212-401-1959

                    Email: tracey@spencerwalshlaw.com